J-S23014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR POWELL | : | |
| | : | |
| Appellant | : | No. 2955 EDA 2022 |

Appeal from the Order Entered November 14, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0002378-2006

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED SEPTEMBER 18, 2023**

Omar Powell appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas on November 14, 2022, dismissing his "Motion to Rescind Judgment of Sentence" pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1] For the reasons discussed below, we find the PCRA court properly denied Powell relief and affirm.

In 2007, after a ten day trial, a jury convicted Powell of first degree murder. The trial court sentenced Powell to life imprisonment. We affirmed the judgment of sentence on direct appeal. On November 13, 2008, the Pennsylvania Supreme Court denied Powell's petition for allowance of appeal.

---

[1] As discussed in further detail below, while Powell did not specifically title his *pro se* filing as a PCRA petition, the court correctly treated this post-conviction filing as a petition under the PCRA.

Since then, Powell has filed numerous petitions, including multiple unsuccessful PCRA petitions.

On May 11, 2021, Powell filed his sixth PCRA petition, followed by a supplemental petition a month later. The PCRA court denied the petition and Powell filed an appeal.

On November 4, 2022, while that appeal was still pending, Powell filed the instant "Motion to Rescind Judgment of Sentence Entered April 17, 2007". The PCRA court treated his petition as a PCRA petition subject to the PCRA's timeliness provisions. **See Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and … any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition"); **see also Commonwealth v. West,** 938 A.2d 1034, 1043 (Pa. 2007) (stating the PCRA incorporates the remedy of *habeas corpus* if it offers the petitioner a remedy pursuant to that Act). On that basis, the PCRA court determined that Powell's petition could not be considered due to the fact that Powell still had an appeal pending with this Court from the denial of his sixth PCRA petition. Further, the PCRA court found the petition was untimely. As such, the court denied the petition. This timely appeal followed.

Powell argues the PCRA court erred by treating his motion as a PCRA petition. Specifically, Powell contends his claim involves a challenge to the legality of his sentence, and that the PCRA court had authority to consider his

claim under its inherent jurisdiction to correct patent errors in sentences. We disagree.

> Whether a PCRA court has jurisdiction to correct allegedly illegal sentencing orders absent statutory jurisdiction under the PCRA is a question of law. Accordingly, our scope of review is plenary and our standard of review is *de novo.*
>
> The PCRA provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. When an action is cognizable under the PCRA, the PCRA is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]

***Commonwealth v. Jackson***, 30 A.3d 516, 518 (Pa. Super. 2011) (citations and internal quotation marks omitted).

Powell cites to ***Commonwealth v. Holmes***, 933 A.2d 57 (Pa. 2007), for the proposition that the PCRA court has inherent authority, at any time, to correct its patent and obvious mistakes evidenced by nonconformance with the record, common sense, and black-letter law. Powell has misinterpreted the holding in ***Holmes***.

In ***Holmes***, the Pennsylvania Supreme Court created a narrow exception to 42 Pa.C.S.A. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry … if no appeal from such order has been taken or allowed"), and recognized a trial court's "inherent power to correct patent errors despite the absence of traditional jurisdiction." ***Holmes***, 933 A.2d. at 65.

However, we have since clarified that while "**Holmes** [ ] recognized the limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under section 5505; it did not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA." **Jackson**, 30 A.3d at 521. Under the PCRA, "[w]hen the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious." **Id**. at 524. Accordingly, although illegal sentencing issues cannot be waived, they must still be presented in a timely PCRA petition. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013).

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Because the PCRA's time limitations implicate the court's jurisdiction and may not be altered or disregarded in order to address the merits of a petition, the court here was required to start by examining the timeliness of Powell's petition. **See Commonwealth v. Davis**, 86 A.3d 883 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA

- 4 -

petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Powell's judgment of sentence became final in February 2009, ninety days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. The instant petition – filed more than a decade later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Powell's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

**Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Powell has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In fact, Powell failed to make any attempt to plead an exception in his filing. **See** Motion to Rescind Judgment of Sentence, filed 11/14/22. Even on appeal, he makes no attempt to argue that a time-bar exception applies. Instead, Powell asserts his petition should not have been treated as a PCRA petition. The PCRA court properly classified Powell's petition as a PCRA petition. **See Johnson**, 803 A.2d at 1293; **see also West**, 938 A.2d at 1043. Therefore, the PCRA court correctly concluded it lacked jurisdiction to consider Powell's PCRA petition. Accordingly, we affirm the PCRA court's order denying Powell's petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2023